**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JARIUS BROWN                                    CIVIL ACTION NO. 21-3415

VERSUS                                          JUDGE ELIZABETH E. FOOTE

JAVARREA POUNCY, ET AL.                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a motion to dismiss filed by Defendant Javarrea Pouncy ("Pouncy").[1]  Plaintiff Jarius Brown ("Brown") filed an opposition,[2] and Public Justice, a nonprofit legal advocacy organization, filed an amicus curiae brief.[3]  The primary question in this case is whether Louisiana's two-year prescriptive period for injuries resulting from a "crime of violence" applies to Section 1983 suits arising from excessive force.  The answer to this legal question is no: Supreme Court authority directs federal courts in Louisiana to apply Louisiana's one-year residual prescriptive period to Section 1983 actions.  Brown's secondary arguments that Louisiana's one-year prescriptive period is unfair and discriminatory also fail.  For these reasons, Pouncy's motion to dismiss is **GRANTED**.

**BACKGROUND**

Early in the morning of September 27, 2019, a Louisiana State Police Trooper stopped Brown for an alleged traffic violation and discovered a bag of marijuana.[4]  That

---

[1] Record Document 13.
[2] Record Document 21.
[3] Record Document 32.
[4] Record Document 1 at 5 ¶¶ 18−19.

discovery led to Brown's arrest and subsequent transport to the Sherriff's Office in Desoto Parish, Louisiana.[5]  Once Brown arrived at the facility, the State Police Trooper transferred him to the custody of Deputy Pouncy and another unidentified DeSoto Parish Sherriff's Deputy.[6]

At the Sherriff's Office, the two deputies led Brown into the facility's laundry room, where he was told to change into a prison uniform.[7]  Before he did so, and without provocation, Brown claims the deputies began striking his face and torso with repetitive blows.[8]  Following the alleged attack, Brown recounts that the duo brought him to a cell where he sat until a deputy uninvolved in the incident noticed his injuries.[9]  Soon after, Brown says he was taken to a hospital where medical staff treated several facial fractures and abrasions.[10]

Nearly two years following the incident—on September 24, 2021—Brown brought this action in federal court to seek damages from Deputy Pouncy and two "John Doe Officers" (collectively "Defendant Officers") under 42 U.S.C. § 1983.  Brown bases his claims on the Defendant Officers' use of excessive force and their violations of his Fourth and Fourteenth Amendment rights.[11]  Brown also brings claims under Louisiana Revised Statute § 14:35 for battery due to the alleged incident.[12]  In response, Pouncy moves to

---

[5] *Id.* ¶¶ 20−22.
[6] *Id.* ¶ 22.  Brown notes that it was unclear whether the State Police Trooper communicated anything to the two deputies upon the transfer of custody.  *Id.*
[7] *Id.* ¶ 23.
[8] *Id.* at 6 ¶¶ 24−26.
[9] *Id.* ¶ 27.
[10] *Id.* at 7 ¶ 31.
[11] *Id.* at 14−16 ¶¶ 54−69.
[12] *Id.* at 17−18 ¶¶ 70−80.

dismiss Brown's Section 1983 action and urges the Court to decline exercising jurisdiction over his state law claims.[13]

## LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept all of the factual allegations in the complaint as true in determining whether the plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood of success but determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

---

[13] Record Document 13-1 at 3−5.

**LAW AND ANALYSIS**

### I.    Federal Claims Under Section 1983

Regarding Brown's federal claims, the crux of the parties' disagreement concerns the statute of limitations period governing Section 1983 actions arising in Louisiana. According to Pouncy, Section 1983 suits are subject to a one-year limitations period.[14] Because Brown brought this action over a year after the alleged incident, Pouncy argues that the Court must dismiss Brown's claims.[15]  Brown, by contrast, believes his claims are viable because he brought them within a two-year limitations period for injuries resulting from a "crime of violence" under Louisiana law.  Additionally, he argues that Louisiana's one-year personal injury limitation period discriminates against Section 1983 claimants and should not apply to his claims.  The Court first reviews the relevant legal background to address the parties' dispute.

To begin with, the parties do not disagree that Section 1983 is the proper means for Brown to challenge the alleged constitutional violations committed by the Defendant Officers.  That is because Section 1983 provides a cause of action against any person acting under the color of state law who "subjects" a person or "causes [a person] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."  42 U.S.C. § 1983.  Since Congress adopted the statute, Section 1983 has become the primary civil remedy for enforcing federal constitutional and

---

[14] Record Document 13.
[15] Record Document 13-1 at 3–4.

statutory rights. Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law-Substance & Procedure* § 19:13 (May 2021).

But while Congress provided private plaintiffs a means to challenge state actors in federal court, it never adopted a limitations period governing Section 1983 actions. Recognizing that omission, the Supreme Court has addressed the issue several times. In *Wilson v. Garcia*, for example, the Court held that Section 1983 suits should be characterized as "personal injury actions;" thus, in the absence of Congressional guidance, the Court directed lower courts to borrow and apply the most analogous state personal injury statute of limitations. 471 U.S. 261, 279–80 (1985). That holding, however, generated some confusion. Specifically, *Wilson* offered lower courts little insight on which statute of limitations applied if a state had several provisions that governed personal injury actions.

The Supreme Court dispelled that confusion in *Owens v. Okure*. 488 U.S. 235 (1989). *Owens* involved a New York claim arguably subject to a one-year statute of limitations for assault. *Id.* at 237. Meanwhile, New York had a residual three-year catch-all limitations period for personal injuries. *Id.* at 237–38. The Court reasoned that applying intentional tort provisions to Section 1983 actions would lead to further uncertainty because every state had multiple limitations periods for intentional torts. *Id.* at 244. But "[i]n marked contrast to" that "multiplicity," the Court observed that each state had "one general or residual statute of limitations governing personal injury actions." *Id.* at 245. So, in the interest of predictability, a unanimous Court held: "[W]here state law provides multiple statutes of limitations for personal injury actions, courts

5

considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50.

Like other states, Louisiana has numerous limitations—or "prescriptive"—periods dependent on an actor's alleged misconduct. Louisiana's "residual" prescriptive period for personal injury actions is one year under article 3492. La. Civ. Code art. 3492; *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 389–90 (5th Cir. 2020) (observing that Louisiana's "residual" prescriptive period is found in article 3492). But Louisiana law carves out exceptions that provide for extended timeframes. One exception, as pertinent here, provides a two-year prescriptive period for "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . . ." La. Civ. Code art. 3493.10.

In this case, Brown argues that his federal claims are subject to that two-year period because the alleged constitutional violations arose from a criminal act of violence. If the Court accepted Brown's theory, his Section 1983 claims could survive dismissal. As noted above, the incident at issue occurred on September 27, 2019, and Brown did not file suit until September 24, 2021—a year and eleven months after the alleged attack. Brown does not dispute that *Owens* directs lower courts to apply the residual state limitations period for personal injury actions. Nor does he deny that Louisiana's residual prescriptive period lasts one year; instead, he argues that its application to his specific claims would be inconsistent with the spirit of Section 1983.

Brown centers his argument on two grounds. First, he claims that Louisiana's residual prescriptive period is a non-neutral law that has the effect of discriminating

against Section 1983 claimants.[16]   Brown notes that the state has extended the prescriptive periods for certain offenses regularly challenged in Section 1983 suits while maintaining a one-year catch-all provision under article 3492.   According to Brown, this framework yields a discriminatory byproduct: Louisiana plaintiffs cannot seek the same relief in federal court as in state court despite filing complaints challenging the same misconduct.[17]

Second, Brown maintains that applying Louisiana's residual prescriptive period is inconsistent with federal interests protected by Section 1983.[18]  In Brown's view, the lone year fails to account for the "practicalities involved in litigating federal civil rights claims."[19] Brown notes, in particular, that actions premised on police brutality are unique in their complexity and traumatic impact on civil rights victims.[20]   Based on that reality, Brown explains that these victims may often delay reporting a crime, and a one-year period restricts a plaintiff's practical ability to enforce their rights.[21]   For that reason, he contends that the "rote" application of a one-year prescriptive period rests in irreconcilable tension with the objectives of Section 1983.[22]

---

[16] Record Document 21 at 17.

[17] *Id.*  Brown requests that the Court permit discovery on the issue of the Louisiana State Legislature's discriminatory intent in maintaining the one-year residual prescription period.  *Id.* at 20.  He also requests discovery on whether Louisiana's one-year prescription period accounts for the practicalities of bringing police brutality cases under Section 1983.  *Id.* at 25.  Because he cannot survive dismissal based on his pleadings—as discussed in more detail below—the Court will deny Brown's request.

[18] *Id.* at 21.

[19] *Id.* (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984)).

[20] *Id.*

[21] *Id.* at 21–22.

[22] *Id.* at 21.  As an alternative theory to avoid dismissal, Brown contends that the Court should not look to Louisiana's limitations provisions at all; he argues that the Court should instead adopt the time period in 28 U.S.C. § 1658(a), which states: "Except as otherwise provided by law, a civil

While the Court is sympathetic to the dilemma Brown and similarly situated plaintiffs face in Louisiana, it must reject Brown's interpretation of the law.   True enough, Louisiana's one-year prescriptive period is a relative outlier in the United States.   Only Kentucky, Tennessee, and Puerto Rico have one-year limitations provisions that apply to Section 1983 claims.  Ky. Rev. Stat. § 413.140(1)(a); Tenn. Code. § 28-3-104(a)(1); P.R. Laws Ann. tit. 31, § 5298(2).   Brown is also correct that Louisiana has adopted more extended periods for state tort actions arising from conduct that could constitute offenses subject to Section 1983 actions.  *See, e.g.*, La. Civ. Code art. 3493.10 (allowing two years to bring actions against persons who commit crimes of violence); *Id.* art. 3496.2 (allowing three years to bring actions against persons who commit sexual assault).

Yet these and other facts cited by Brown do not show that Louisiana discriminates against Section 1983 claimants.   Louisiana's one-year prescriptive period for personal injuries was established decades before Congress codified Section 1983.[23]   And though Louisiana law has evolved in its more than two-century history, a general one-year

---

action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."  Brown argues that Section 1658's four-year statute of limitations is far more "suitable to carry the same [civil rights laws] into effect" than Louisiana's one-year prescriptive period.   Record Document 21 at 25 (quoting *Burnett*, 468 U.S. at 47–48).   Be that as it may, Brown acknowledges the fatal flaw in his own argument: Congress passed Section 1658 after Section 1983.   And unfortunately for Brown, Section 1658's application is not retroactive; its text expressly excludes Section 1983 and all other federal causes of action enacted before December 1, 1990.  28 U.S.C. § 1658(a).   Though Brown would have this Court adopt the four-year limitations period regardless, the plain text of Section 1658 precludes the Court from applying its provisions to Brown's claims.

[23] Congress adopted what it would later codify as Section 1983 in the Civil Rights Act of 1871. Pub.  L. 42-22, 17 Stat. 13, 13 (1871)  (codified  in part  at  42 U.S.C.  § 1983).   Meanwhile, Louisiana's Civil Code of 1825 contained a one-year prescriptive period for personal injuries.  3 Louisiana State Law Institute, *Compiled Edition of the Civil Codes of Louisiana* 1937–38 (1940).

prescriptive period has remained a static feature of the Louisiana Civil Code.[24]  If anything, Section 1983 cases have made—and continue to make—up only a small portion of the total volume of actions governed by article 3492's provisions.  *See Wilson*, 471 U.S. at 279 ("It is most unlikely that the period of limitations applicable to [general personal injury actions] ever was, or ever would be, fixed in a way that would discriminate against federal claims . . . . ").

Moreover, the Court cannot stray from binding precedent, however "rote" its application.  As explained above, Congress has not acted to establish a limitations period that applies to Section 1983 suits.  To fill that void, the Supreme Court directed lower courts to adopt the general state law limitations provision for personal injury actions.  In Louisiana, that period is one year, and each federal district in Louisiana agrees it applies to Section 1983 cases.  *Byrd v. Nelson*, No. CV 20-1282, 2021 WL 3745011, at *2 (W.D. La. Aug. 24, 2021) (Foote, J.); *Diaz v. Guynes*, No. CV 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. CV 14-0428, 2015 WL 269149, at *1 n.2 (M.D. La. Jan. 21, 2015).  Likewise, federal courts in other jurisdictions that maintain a one-year general limitations provision are in similar accord.  *See, e.g.*, *Boatfield v. Parker*, No. CV 19-0027, 2019 WL 1332369, at *4 (E.D. Tenn. Mar. 25, 2019) ("The one-year statute of limitations period contained in Tennessee Code Annotated § 28-3-104(a) applies to civil rights claims arising in Tennessee."); *Burnett v. Transit Auth. of Lexington-Fayette Urb. Cnty. Gov't*, 981 F. Supp. 2d 630, 633 (E.D. Ky. 2013) (determining that Kentucky's

---

[24] At least since the Louisiana Civil Code of 1825, where article 3501 stated that actions "resulting from offences or quasi offences" prescribed after one year.  *Id.* at 1938.

one-year general statute of limitations applies to Section 1983 claims); *Burgos v. Fontanez-Torres*, 951 F. Supp. 2d 242, 250 (D.P.R. 2013) ("[T]he one-year limitations term applies for section 1983 actions in Puerto Rico.").

Even if Brown is correct that his state law claims may be brought within two years because they arose from a "crime of violence," Louisiana's general prescriptive period under article 3492 applies to Brown's federal claims. Accordingly, those claims prescribed one year after the incident; thus, Pouncy's motion to dismiss is **GRANTED** in this respect, and Brown's federal law claims are **DISMISSED with prejudice**.

## II.    State Law Claims

Having dismissed Brown's federal claims, the Court must consider whether exercising jurisdiction over his state law battery claims is proper. A district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the Court "observes that interpretation and application of Louisiana's various prescriptive periods to plaintiff's state law claims remains an issue within the particular province and expertise of the state courts." *Williams v. Ouachita Par. Sheriff's Dep't*, No. CV 17-0060, 2017 WL 4401891, at *4 (W.D. La. Aug. 28, 2017), *report and recommendation adopted,* No. CV 17-0060, 2017 WL 4399277 (W.D. La. Oct. 3, 2017).

As a result, the Court declines to exercise jurisdiction over Brown's pendant state law claims. *Bradley*, 958 F.3d at 396 ("Since [the plaintiff's] § 1983 claims failed, dismissal of the pendant state-law claims was within the district court's discretion.").  The claims are thus **DISMISSED without prejudice**.

## CONCLUSION

For the reasons stated herein, Pouncy's motion[25] is **GRANTED**. Brown's federal claims are **DISMISSED with prejudice**. Brown's state law claims are **DISMISSED without prejudice**.  Pouncy's motion for leave to file a response to Public Justice's amicus curiae brief[26] is **GRANTED**, and the clerk may file the brief into the record.  A judgment will issue alongside this ruling.

**THUS DONE AND SIGNED** this 29th day of September, 2022

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[25] Record Document 13.
[26] Record Document 35.